1   WO

2

3

4

5

6
                    IN THE UNITED STATES DISTRICT COURT
7
                      FOR THE DISTRICT OF ARIZONA
8

9   LAURA BETTIN,                    )
                                     )
10          Plaintiff,               )
                                     )
11      v.                           )    CIV 04-02980 PHX MEA
                                     )
12  MARICOPA COUNTY, MARICOPA COUNTY )    MEMORANDUM AND ORDER
    SHERIFF'S OFFICE, JOE ARPAIO,    )
13                                   )
            Defendants.              )
14  _____)

15          All of the parties have consented to the exercise of

16  magistrate judge jurisdiction over this case, including the

17  entry of final judgment.  Before the Court is Defendant's Motion

18  for Judgment on the Pleadings (Docket No. 14).

19                            **Background**

20          On November 3, 2004, Plaintiff filed a complaint in the

21  Maricopa County Superior Court.  Docket No. 1.  The case was

22  removed to federal court on December 23, 2004.  <u>Id.</u>  Service of

23  a summons and the complaint was executed on Defendants, and the

24  Court set a Rule 16 case management conference, which was

25  continued on motion of Plaintiff until October 28, 2005.  Docket

26  No. 10.  On October 27, 2005, Defendants filed a motion for

27  judgment on the pleadings.  Docket No. 14.  On October 28, 2005,

28  the parties all acquiesced to the exercise of magistrate judge

jurisdiction over this matter and the case was reassigned. Docket No. 15.  On December 22, 2005, Plaintiff filed a motion seeking an extension of the time allowed to respond to Defendants' motion to dismiss.  Docket No. 18.  On January 23, 2006, the Court allowed Plaintiff until February 17, 2006, to file a response to the motion to dismiss.  Docket No. 19.  As of March 1, 2006, Plaintiff has <u>not</u> filed a response to Defendants' motion to dismiss.   On March 2, 2006, Plaintiff's counsel represented to the Court that a response to the motion to dismiss would not be filed.

## Analysis

Defendant asserts that dismissal of Plaintiffs' claim of negligent supervision is warranted pursuant to Rule 12(c), Federal Rules of Civil Procedure.

> In reviewing the defendants' motions under Fed. R. Civ. P. 12(c), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations.

<u>Hoeft v. Tucson Unified Sch. Dist.</u>, 967 F.2d 1298, 1301 (9th Cir. 1992).  <u>See also</u> <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990) ("[T]he allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.").

> Like Rule 12(b)(6), Rule 12(c) requires that the Court "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.

[The motion can be granted] only if no relief could be granted under any set of facts that could be proved." <u>Turbe v. Government of the Virgin Islands</u>, 938 F.2d 427, 428 (3d Cir. 1991) (citation omitted); <u>see also</u> <u>Summit Health, Ltd. v. Pinhas</u>, 500 U.S. 322, 111 S. Ct. 1842, 1845, 114 L. Ed. 2d 366 (1991); <u>Cardio-Medical</u>, 536 F. Supp. at 1072 ("If a complaint contains even the most basic of allegations that, when read with great liberality, could justify plaintiff's claim for relief, motions for judgment on the pleadings should be denied."). The Court need not, however, adopt "conclusory allegations or statements of law." <u>In re General Motors Class E Stock Buyout Sec. Litig.</u>, 694 F. Supp. 1119, 1125 (D. Del. 1988).

<u>Southmark Prime Plus, L.P. v. Falzone</u>, 776 F. Supp. 888, 891 (D. Del. 1991). <u>See also</u> <u>Austad v. United States</u>, 386 F.2d 147, 149 (9th Cir. 1967); <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."); <u>Pooley v. National Hole-In-One Assoc.</u>, 89 F. Supp. 2d 1108, 1109 (D. Ariz. 2000).

Judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, may be granted when the pleadings indicate that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. <u>See Enron Oil Training & Transp. Co. v. Welbrook Ins. Co., Ltd.</u>, 132 F.3d 526, 528 (9th Cir. 1997). When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the

-3-

plaintiff.   See Galbraith v. County of Santa Clara, 307 F.3d
1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83
F.3d 1136, 1140 (9th Cir. 1996).

Plaintiff's complaint states causes of action for false
arrest and imprisonment, intentional infliction of emotional
distress, conspiracy, outrageous conduct, libel and slander,
negligence, and state constitutional violations.   Plaintiff's
claims arise from events occurring on February 6, 2003, during
the execution of a search warrant at her home by Maricopa County
Sheriffs.   Plaintiff also alleges that a defendant falsely
arrested her and harassed her, and that Defendants are
improperly holding property wrongfully seized during the
execution of the search warrant.

Defendants assert the complaint must be dismissed
because Plaintiff's claims are barred by Arizona's "notice of
claims" statute, codified at Arizona Revised Statutes Annotated
§ 12-821.01.   Defendants contend that Plaintiff did not comply
with the time limitations stated in the notice of claim statute
and, therefore, that her claims are barred.[1]   Defendants also

---

[1] Subsection A of section 12-821.01 provides:

Persons who have claims against a public entity
or a public employee shall file claims with the
person or persons authorized to accept service
for the public entity or public employee as set
forth in the Arizona rules of civil procedure
within one hundred eighty days after the cause of
action accrues. The claim shall contain facts
sufficient to permit the public entity or public
employee to understand the basis upon which
liability is claimed. The claim shall also
contain a specific amount for which the claim can
be settled and the facts supporting that amount.

argue that Plaintiff's claims are barred by the applicable statute of limitations.  Because Plaintiff's complaint states claims based on events occurring on February 6, 2003, Defendants argue, the one-year statute of limitations applicable to Plaintiff's claims, see Arizona Revised Statutes Annotated § 12-821,[2] expired approximately 9 months prior to the date that Plaintiff filed her complaint in the Arizona state court.

### Conclusion

A failure to respond to a defendant's motion to dismiss may be deemed consent to granting the motion.  Subparagraph (i), Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure provides:

> ... if the opposing party does not serve and file the required answering memoranda [to a motion], or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily.

Plaintiff does not offer any allegation that she has complied with Arizona's notice of claims statute, which alleged non-compliance would bar her claims.  Additionally, Plaintiff does not offer any reason why the applicable statute of

---

Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

[2] This statute provides: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward."

-5-

limitations should be statutorily or equitably tolled with regard to her claims and therefore, her claims are apparently barred by the applicable statute of limitations.  Therefore, the complaint must be dismissed for its failure, on its face, to state a claim on which relief may be granted.  <u>See</u>, <u>e.g.</u>, <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 816 (9th Cir. 1981); <u>Gibson v. American Bankers Ins. Co.</u>, 289 F.3d 943, 946 (6th Cir. 2002); <u>Teel v. American Steel Foundries</u>, 529 F. Supp. 337, 340 (E.D. Mo. 1981).

**THEREFORE, IT IS ORDERED THAT** Defendant's motion to dismiss, Docket No. 14, is **GRANTED**.  Plaintiff's complaint is hereby dismissed **with prejudice**.

DATED this 3rd day of March, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-6-